[Civ. No. 55447. Second Dist., Div. Four. July 24, 1979.]

In re the Marriage of PAULINA M. and GEORGE E. SHANAHAN.
GEORGE E. SHANAHAN, Respondent, v.
PAULINA M. SHANAHAN, Appellant.

COUNSEL

Nelson & King and Frank G. King for Appellant.

Richard Dean Thompson for Respondent.

OPINION

**KINGSLEY, Acting P. J.**—In 1974, in case No. 40965, the wife secured a decree of separate maintenance. That decree contained the following provision here material:

"13. The family home located at 16307 Germain Street, Granada Hills, California, is found to be community property, but the record title stands in the name of the parties as joint tenants. The property hereafter shall remain as a joint tenancy of the parties, subject to the following terms and conditions:

"The house shall be sold and the proceeds equally divided between the parties upon the earliest of these events: The youngest surviving minor child of the parties reaching the age of majority, when the house is no longer used as the family residence of Petitioner and/or the minor children, when the mortgage presently on the property is paid off or refinanced.

"During her residency in said premises, Petitioner shall pay and hold Respondent harmless from all mortgage payments, property taxes, except as set forth above and minor repairs on said premises.

"14. The parties agree that the above constitutes an equal division of community property and the court so finds such a division." That decree has long since become final; none of the eventualities mentioned in that order have yet occurred. In 1976, the husband brought the present action (No. 61788) for a dissolution. That action was consolidated with the earlier separate maintenance action and resulted in an interlocutory decree of dissolution containing the following provisions:

"The order in the Decree of Legal Separation entered in case number NWD on June 19, 1974, regarding holding in Joint Tenancy the family residence located at 16307 Germain Street, Granada Hills, California and legally described as Lot 25 of Tract No. 27418, in the city of Los Angeles, county of Los Angeles, state of California, as per map recorded in book 704 pages 3 to 5 of Maps, in the office of the county recorder of said county, is found to be in the nature of support and is modified and it is ordered that said real property shall be sold forthwith and the proceeds divided equally between the parties subject to any arrearages of support herein being charged against the petitioner's share. The parties are ordered to promptly execute all documents necessary or desirbale [sic] to carry out the executory orders of this decree and upon the failure to do so either party may apply to this court for an order permitting the Clerk of this Court to supply all necessary or desirable signatures."

The wife has appealed from the interlocutory decree; we reverse the portion of that decree above quoted.[1]

■ The parties agree that a decree dividing community property is not subject to modification after it has become final. They also agree that an order for support may be modifiable by a later order or decree. We

---

[1]Since the wife's brief attacks only the portion of the interlocutory decree above quoted, we deem the appeal abandoned as to the other portions of that decree.

need not here discuss the extent to which a trial court may make a division of property as part of, or in lieu of, support provisions. It is clear from the record that the decree in case No. 40965, was not of that character. The stipulation, and the decree based thereon, in express language, declared that the order relating to the home was one of division of the community property of the marriage. As such, it could not be modified by any later decree, whether in that action or in a subsequent one.

The portion of the interlocutory decree entered in case No. 61788, above quoted, is reversed; otherwise the interlocutory decree is affirmed. Appellant shall recover her costs on appeal.

Jefferson (Bernard), J., and Alarcon, J., concurred.